UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL GORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUPERINTENDENT NEWLIN, *et al.*,<br><br>　　　　Defendants. | Case No. C05-5841FDB<br><br>ORDER RE-NOTING DEFENDANT'S MOTION TO DISMISS AND DIRECTING PLAINTIFF TO SHOW CAUSE. |

　　　　This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is defendant Rigg's motion to dismiss for failure to serve. (Dkt. # 19).

　　　　Defendant Rigg's motion is based on Fed. R. Civ. P. 4 (m). Normally a person has 120 days to serve the defendants. Fed. R. Civ. P. 4 (m) indicates that if service of a <u>summons and complaint</u> is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good

ORDER

cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987).  This action was commenced December 30th, 2005 but the court did not order service until January 24th, 2006.  (Dkt. # 9).  Even using the later date it has been more then120 days.

The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the court has discretion in deciding if dismissal is proper.  Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal, and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint.  United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).  Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed."  Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

Plaintiff should be given an opportunity to show cause for the failure to serve Defendant Rigg.  Accordingly, plaintiff is ORDERED TO SHOW CAUSE why he has failed to perfect service on this defendant.  A response to this order is due on or before **August 18th, 2006.**  In light of this order it is proper to re-note defendant Rigg's motion to dismiss for **August 18th , 2006.**

The Clerk is directed to send a copy of this Order to plaintiff, and to counsel for defendants.  The Clerk is further directed to re-note (Dkt. # 19) for **August 18th, 2006** and note the response to the order to show case as being due **August 18th, 2006.**

DATED this10th, day of July, 2006.

／S／ J. Kelley Arnold
J. Kelley Arnold
United States Magistrate Judge

ORDER