UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL GORE,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERINTENDENT NEWLIN *et al.*,<br><br>    Defendant. | Case No. C05-5841FDB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**September 29th, 2006** |

   This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).  Before the court is defendant Brian Rigg's motion to dismiss for failure to prefect service.[1]  (Dkt. # 19).  Mr. Rigg is a Physicians Assistant who either provides services for or at one time provided services for the Kitsap County Corrections Center.  Mr. Rigg is represented by counsel.  (Dkt. # 11).

   This action was commenced on December 30th, 2005 by the filing of a motion to proceed in

---

   [1]Mr. Rigg's was identified as Mr. Gigg in the complaint but his counsel has provided the proper spelling for his name.

REPORT AND RECOMMENDATION 1

forma pauperis and proposed complaint. (Dkt. # 1). On January 24th, 2006, the United States Marshals Service was ordered to attempt service by mail. (Dkt. # 9). Shortly thereafter, on February 13th, 2006, counsel entered a notice of appearance on behalf of Mr. Rigg. (Dkt. # 11). The notice does not specify it is a special notice of appearance or that defendant Rigg is contesting service. (Dkt. # 11). The notice does indicate that service of process should not be sent to counsel. (Dkt. # 11).

Despite entry of a notice of appearance, Mr. Rigg did not return his waiver of service to the court. Counsel for Mr. Rigg now moves for dismissal for failure to perfect service. (Dkt. # 19).

DISCUSSION

Normally a person has 120 days to serve the defendants. Fed. R. Civ. P. 4 (m) indicates that if service of a summons and complaint is not made within 120 days of filing the court shall dismiss without prejudice unless the plaintiff can show good cause why service was not made within that time. Ignorance of the rules is not good cause. Townsel v. County of Contra Costa, 820 F.2d 319, 320 (9th Cir.1987). This action was commenced December 30th, 2005 but the court did not order the United States Marshal Service attempt service by mail until January 24th, 2006. (Dkt. # 9). Even using the later date it has been more then 120 days.

The above analysis and a plain reading of the rule would appear to indicate that dismissal without prejudice is in order, but the standard of review is abuse of discretion which indicates the court has discretion in deciding if dismissal is proper. Wei v. State of Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).

The 9th Circuit has indicated that failure to comply with the service requirements does not mandate dismissal and the rule should be given liberal and flexible construction as long as the defendant receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Failure to follow technical requirements does not warrant dismissal where "(a) the party that had to be served personally received actual notice, (b) the defendants would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir. 1984).

REPORT AND RECOMMENDATION 2

Mr. Rigg certainly had actual notice of this action, within three weeks of the order to attempt service by mail he had an attorney enter a notice of appearance on his behalf and he corrected he spelling of his name. That notice did not indicate counsel was appearing specially or that Mr. Rigg was contesting service. (Dkt. # 11). Counsel did indicate original service should not be sent to him, however, he did not place the court or plaintiff on notice that service was at issue in this case. Mr. Rigg has waived any argument regarding *in personam* jurisdiction by entering his notice of appearance.

Mr. Rigg would suffer no prejudice from the alleged defect in service. This defendant has been aware of the action since February and default has not yet been entered against him.

There is certainly good cause, or justifiable excuse, for failure to properly serve. Plaintiff was an inmate at the time this action was commenced. He was granted leave to proceed *in forma pauperis*. (Dkt. # 6). The United States Government is, by statute, responsible for service in this case. See, 28 U. S. C. § 1915 (d). No fault for the alleged failure to perfect service rests with the plaintiff. Defendant was served by mail and asked to save the expense of attempting to serve him in person. It is now clear he wishes to refuse the first attempt at service. However, his notice of appearance is not a special notice that preserved the in personam jurisdiction issue. There is nothing in the notice to place either the court or plaintiff on notice that service is being contested. Thus, Mr. Rigg has appeared in this action.

The final prong of the Ninth Circuits analysis is whether plaintiff would be severely prejudiced by dismissal. When *in forma pauperis* status was granted to the plaintiff in January of 2006, the filing fee in this district was $250 Dollars. The filing fee is now $350 Dollars. If the case were dismissed plaintiff would have had to pay a total of $ 600 Dollars to file this action. This alone is sufficient prejudice.

This defendant appeared in February of 2005 and did not specifically place the parties or the court on notice that he was contesting service. The appearance was not designated as a special appearance. Accordingly, defendants motion should be **DENIED**. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION 3

1  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
2 parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
3 R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of
4 appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
5 72(b), the clerk is directed to set the matter for consideration on **September 29th, 2006**, as noted in
6 the caption.

8  DATED this 1st day of September, 2006.

  */S/ J. Kelley Arnold*
  J. Kelley Arnold
  United States Magistrate Judge

28 REPORT AND RECOMMENDATION 4